# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Brenda Flores, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No.: |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Ray Miller Buick-GMC, Inc., and | ) | |
| Vic Ragsdale | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Brenda Flores, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Ray Miller Buick-GMC, Inc. ("Defendant 1" or "Dealer") and Vic Ragsdale, ("Defendant 2" or "Ragsdale") and seeks redress for discrimination and retaliation suffered in Plaintiff's capacity as an employee of the Defendants. Plaintiff has been discriminated against by the Defendants on account of Plaintiff's race in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e *et seq.*** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1991 (hereinafter "Title VII"), as amended, 42 U.S.C. §2000e-5(f)(3) and the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 621 *et seq.*

2. This court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4) as this is a civil action arising under the laws of the United States, specifically Title VII and the ADEA.

## VENUE

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 1391 and the Local Rules of the United States District Court for the Northern District of Alabama.

4. Both Defendants reside in this district and the unlawful employment acts alleged herein took place within the Northern Division of the Northern District of Alabama.

## PARTIES

5. Plaintiff Brenda Flores, a Native American female over the age of forty (40), is domiciled in the state of Tennessee.

6. At all relevant times the Plaintiff was an "employee" of the Defendant under Title VII.

7. The Defendant Ray Miller Buick-GMC, Inc., is a domestic corporation with its principal place of business in Florence, Alabama.

8. The Defendant Vic Ragsdale is the owner/operator of Dealer with its principal place of business in Florence, Alabama.

9. At all relevant times, Dealer was an "employer" under Title VII and ADEA.

10. At all relevant times, Dealer employed over fifteen (15) employees and is subject to Title VII.

11. At all relevant times, Dealer employed over twenty (20) employees and is subject to ADEA.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII AND ADEA

12. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: that on or about September 21, 2020, Plaintiff caused a charge of discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") in accordance with Section 705 of Title VII.

13. On May 19, 2021, the EEOC issued a Dismissal and Notice of Rights and this Complaint has been filed within ninety (90) days of receipt of said Notice of Rights. A copy of the notice is attached as Exhibit A.

## **GENERAL FACTS**

14. Plaintiff began working for Dealer on or about May 12, 2017 as a Business Development Coordinator.

15. Dealer is a car dealership that sells both new and used motor vehicles.

16. Dealer's primary business location is 246 Cox Creek Pkwy Florence, Alabama.

17. Dealer is currently owned and operated by Defendant Vic Ragsdale.

18. Ragsdale acquired his ownership interest in Dealer on or around January 16, 2019.

19. At all relevant times, Plaintiff worked under the operation of Dealer and its owner Ragsdale.

20. During the ownership transition of Dealer, Ragsdale approached Plaintiff to offer her the Internet Sales Manager position.

21. Plaintiff accepted the Internet Sales Manager position and began that role on or around February 1, 2020.

22. During the period of time between October 10, 2019 and February 1, 2020, Plaintiff trained her Business Development Coordinator replacement while simultaneously performing and completing the necessary training for her to enter into her role as Internet Sales Manager.

23. Plaintiff was terminated from Dealer on or about May 6, 2020.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.
## (Hostile Work Environment)

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 above, as if fully set out herein.

25. The Plaintiff is a female Native American and a member of a protected class.

26. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. as Defendant has engaged in the practice of a hostile work environment against Plaintiff.

27. Plaintiff was employed with Dealer beginning in 2017.

28. On or around June 19, 2019, Mark Humphrey ("Humphrey"), the New Car Manager for Dealer, entered the doorway of the Plaintiff's office and proceeded to stare at her with a large smile.

29. Humphrey proceeded to make the statement to Plaintiff about how great she looked with her hair down and that if he was not a married man that something would happen between himself and the Plaintiff.

30. Plaintiff attempted to change the subject, however Humphrey continued by stating to Plaintiff that he and his wife had not had sexual relations in months.

31. Humphrey then pointed to a ruler located on Plaintiff's desk and stated that it was comparable to the length of his penis.

32. Plaintiff was left so distraught by the encounter that she felt the need to vacate

the dealership and drive to a store close by to remove herself from the situation.

33. On or around June 24, 2019, Plaintiff approached Ragsdale to meet with him to bring the comments made by Humphrey to his attention.

34. After being informed by Plaintiff of the incident, Ragsdale proceeded to defend Humphrey and his actions towards Plaintiff.

35. Ragsdale stated to Plaintiff that Humphrey "jokes and plays around" and that "surely he didn't mean anything by it."

36. Melissa Ragsdale, an executive assistant of Dealer and wife of Ragsdale, commented to Plaintiff that Humphrey always "joked" with her and that she was never offended by his jesters or comments.

37. On or around February 2020, during a visit from a third-party district account manager, David Shirey, ("Shirey"), the former Internet Sales Manager and now Salesman for Dealer, commented to Plaintiff that the district manager had beautiful eyes, how long her blonde hair was, and how the district manager's buttocks looked.

38. Plaintiff was made to feel awkward and embarrassed during the unsolicited and unprofessional conversation and comments from Shirey.

39. On or around April 2020, Kale Bragwell, ("Bragwell"), the Used Car Manager for Dealer, commented to Plaintiff about a female customer of

Mexican descent.

40. Bragwell commented to Plaintiff about how "big" the customer was and how he thought it would be hard for the customer and her man to "do things."

41. Bragwell further commented to Plaintiff that he betted that the man of the customer "gets pushed away from the table."

42. Plaintiff took Bragwell's statements as racist, sexual, and sexist towards women and specifically women of minorities.

43. Bragwell's statements made Plaintiff uncomfortable to the point that she had to leave the showroom.

44. On or about April 21, 2020, Ragsdale called a meeting with Dealer employees in his office.

45. The purpose for the meeting was to inform the attendees that they were not to use their cell phones during work hours.

46. However, the only attendees to this meeting were the female employees of Dealer, including the Plaintiff.

47. Ragsdale stated in the meeting with his female employees that he would always help David Hallmark, a male salesperson, with all of his deals.

48. Plaintiff left the meeting feeling discouraged and targeted due to the fact that she is female.

49. Plaintiff was unable to fully complete her essential job functions due to being

subjected to a hostile work environment based on her sex that was severe and pervasive and the terms of her employment were altered due to the toxic and threatening work environment she was subjected to, which male employees were not subjected to.

50. Defendants' discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

51. Plaintiff has suffered and continues to suffer from emotional distress, loss of self-esteem, lost wages, and other damages as a direct result of Defendants' unlawful discrimination.

## Count II
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a).

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-50 above, as if fully set out herein.

53. In early 2019, Ragsdale offered Plaintiff the position of Internet Sales Manager.

54. On or around October 10, 2019, Plaintiff began transitioning from Business Development Coordinator to Internet Sales Manager.

55. As part of that move, Plaintiff relied on promises made by Ragsdale

concerning that area of Dealer.

56. Specifically, Ragsdale promised Plaintiff that he would obtain new lead sources for Dealer and would have internet leads in place by January 31, 2020.

57. Throughout Plaintiff's time as Internet Sales Manager, Dealer never invested in lead sources to generate internet leads or inquiries.

58. Dealer, through Ragsdale's direction, instead invested in billboards in the Muscle Shoals/Tuscumbia, Alabama area that were aimed to drive foot and phone traffic to Dealer.

59. As Internet Sales Manager, Plaintiff was not permitted to work lot leads or phone leads that came into Dealer.

60. Shirey, a Caucasian male, and the prior Internet Sales Manager of Dealer before Plaintiff was permitted to work both lot and phone leads.

61. Throughout her time as Internet Sales Manager, both Ragsdale and Humphrey refused to provide Plaintiff with any management leads.

62. Instead, both Ragsdale and Humphrey provided their leads to Lucas Logan, a younger Caucasian male salesperson for Dealer.

63. Plaintiff attempted to address this disparity with Ragsdale on or around March 11, 2020.

64. Ragsdale told Plaintiff that he would give his leads to whomever he wanted and if she did not like it then she could leave.

65. During the same March 11, 2020 meeting with Ragsdale, Plaintiff again voiced concerns over the lack of promised lead sources for her department.

66. Ragsdale made claims to Plaintiff that it was not the "right time" for that all while running the billboard advertising in the Muscle Shoals and Tuscumbia areas.

67. On or about Thursday April 30, 2020, Plaintiff spent significant time working a potential customer regarding the purchase of a used truck.

68. Customer asked for time to think about the proposed monthly payment of five hundred fifty dollars ($550.00) on the used truck.

69. Customer returned to Dealer on Saturday May 2, 2020 to purchase the used truck on the terms negotiated by Plaintiff.

70. However, Plaintiff was unavailable as Saturday was her regularly scheduled day off.

71. To complete the deal, Dealer had Lucas Logan assist the Customer with the last portion of the buying process.

72. Plaintiff received her deal sheet on or around May 4, 2020 and discovered that her commission was split with Lucas Logan on the sale of the used truck.

73. Upon reason and belief, it was the policy of Dealer to only split commissions when a salesperson was out due to a scheduled vacation.

74. When asked about the split, Ragsdale informed Plaintiff that he decides and

says how all money is divided and paid on all deals at Dealer and that if she did not like that then she could leave.

75. On or about May 6, 2020, Plaintiff was terminated from her position as Internet Sales Manager by Dealer.

76. This termination was a direct retaliation to Plaintiff informing Ragsdale about the hostile work environment on June 24, 2019 due to Humphrey's actions, in addition to Plaintiff confronting Ragsdale multiple times about the lack of promised advertising dedicated to the Internet Department of Dealer and the unfair commission splits.

77. None of the adverse employment actions and/or events described within above occurred until after Plaintiff informed Ragsdale of the hostile work environment on June 24, 2019, giving a causal connection between the adverse employment actions or events and the protected activity.

78. Defendants' intentionally discriminated against Plaintiff by retaliating against her for participating in a protected activity.

79. Defendants' retaliatory action against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

80. Plaintiff has suffered and continues to suffer, emotional distress, loss of self-

esteem, lost wages, and other damages as a direct result of Defendant's unlawful retaliation.

**Count III**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 ET SEQ.**

81. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-79 above, as if fully set out herein.

82. Plaintiff was, at all times relevant to this Complaint, over the age of forty (40).

83. Pursuant to the ADEA, Plaintiff is a member of a protected class pursuant to 29 U.S.C. §§ 621-634.

84. Dealer, by and through Ragsdale, willfully, wantonly, and purposefully engaged in conduct meant to harass, aggrieve, frustrate, and prevent Plaintiff from successfully performing her job functions.

85. Plaintiff was unable to fully complete her essential job functions due to being subjected to a hostile work environment based on her age that was severe and pervasive and the terms of her employment were altered due to the toxic and threatening work environment she was subjected to, which other younger employees of Dealer were not subjected to.

86. Plaintiff has suffered and continues to suffer from emotional distress, loss of self-esteem, lost wages, and other damages as a direct result of Defendants' unlawful age discrimination.

## Count IV
## RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 ET SEQ.

87. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-85 above, as if fully set out herein.

88. Defendants discriminated against the Plaintiff, or took adverse employment actions against her, because she opposed unlawful employment practices related to her age. Plaintiff acted on a good faith, reasonable belief that the practices or actions of both Dealer and Ragsdale violated applicable laws and protections afforded to her.

89. Because of these beliefs, Plaintiff had participated in protected activities, questioning and investigating treatment and impacts, opposing the same by speaking out and complaining under her beliefs regarding Defendants' discriminatory actions.

90. Whenever he was questioned, Ragsdale continually threatened Plaintiff that she could leave.

91. Plaintiff was subjected to materially adverse actions at the time, or after, the protected conduct took place.

92. Defendants' actions were materially adverse in that such well might dissuade a reasonable employee from likewise making or supporting a charge of discrimination or otherwise opposing discrimination or participating in the EEOC complaint process.

93. Defendants' retaliatory motive and intent can be inferred from the fact that, were it not for such protected activity in which the Plaintiff engaged, Defendants' retaliatory activity would not have occurred.

94. Defendants' actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

95. Plaintiff has suffered and continues to suffer from emotional distress, loss of self-esteem, lost wages, and other damages as a direct result of Defendants' unlawful age discrimination.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF FOR ALL COUNTS**

**WHEREFORE,** Plaintiff prays that this Honorable Court will award her:

A) A declaratory judgment, declaring the Defendants' past practices herein complained of to be unlawful.

B) Order Defendants to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C) Order the Defendants to make whole the Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D) Order Defendants to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E) Order Defendants to pay Plaintiff punitive damages for its malice or reckless indifference to Plaintiff's federally protected rights described above, in amounts to be determined at trial.

F) Award all costs and reasonable attorney fees incurred in connection with this action.

G) Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

*/s/Travis A. McCormick*
Travis A. McCormick
ASB-1124-S83T
Attorney for Plaintiff
The McCormick Firm, P.L.L.C.
2100 Providence Park Suite 200
Birmingham, AL 35242
Phone: 205-968-1302
Fax: 205-968-1303
tmccormick@themccormickfirm.com

## CLERK: PLEASE SERVE VIA CERTIFIED MAIL:

Ray Miller Buick-GMC, Inc.
C/O Michael Ray Miller, Registered Agent
246 Cox Creek Pkwy
Florence, AL 35630

Vic Ragsdale
C/O Ray Miller Buick-GMC, Inc.
246 Cox Creek Pkwy
Florence, AL 35630