UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **BRENDA FLORES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. 3:21-cv-1109-CLS |
| ) | |
| **RAY MILLER BUICK-GMC,** ) | |
| **INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER OF DISMISSAL

This action is before the court on "Defendant's Motion to Renew Its Pending Motion for Failure to Prosecute." Doc. no. 37.

Defendant Ray Miller Buick-GMC, Inc., states that plaintiff and her attorney have continued to fail to respond to discovery requests; and, as demonstrated by plaintiff's answers to deposition questions, there is doubt that plaintiff has preserved evidence responsive to those requests.

Defendant previously filed, on May 18, 2023, a motion to dismiss this action for failure to prosecute: *see* doc. no. 28. This court held a hearing on that motion on June 21, 2023, and reviewed with plaintiff's attorney, Travis Allen McCormick, the unfortunate history of this case, which is recounted below.

The action was commenced on August 16, 2021, and originally was assigned

to Magistrate Judge Herman N. Johnson, Jr.

On February 8, 2022 — five-and-one-half months after filing — Judge Johnson ordered plaintiff to show cause why the complaint should not be dismissed for failure to serve defendants within the 90-day period prescribed by Federal Rule of Civil Procedure 4(m).[1]

Plaintiff responded on February 16, 2022, stating that "[*d*]*ue to unforeseen circumstances*, service was not completed [in a] timely [manner] on the Defendants."[2]

The docket sheet indicates that, on February 28, 2022, the "Summons [was] Returned Executed" on both defendants.[3]

On March 23, 2022, Judge Johnson ordered plaintiff "to file a status report or take other appropriate action within seven days" for defendants' failure to file an answer.[4]

Plaintiff's attorney responded on March 28, 2023, advising the court that he was contacted by "another attorney" who "was in the process of being retained by defendants," and who requested "additional time to file an answer."[5] Based upon that

---

[1] Doc. no. 3. The second defendant, Vic Ragsdale, was dismissed from this action on May 24, 2022. Doc. no. 22 (Notice of Voluntary Dismissal).

[2] Doc. no. 6, ¶ 2 (emphasis and alterations supplied). During the June 21st hearing, plaintiff's attorney stated that the United States Postal Service failed to deliver the summons and complaint to defendants. Doc. no. 38 (Transcript of June 21, 2023 hearing), at 7.

[3] Doc. no. 8 (alteration supplied).

[4] Doc. no. 9.

[5] Doc. no. 10.

report, Judge Johnson ordered plaintiff "to file a status report or take other appropriate action within twenty-one days" if defendants had not otherwise responded to the complaint.[6]

Twenty-one days passed, and defendants still had not filed an answer, nor had plaintiff initiated appropriate action for their failure to do so. Accordingly, on April 21, 2022, Judge Johnson again ordered plaintiff to either file a status report or take appropriate action "within seven days."[7] Plaintiff's attorney failed to comply with that order and, accordingly, on May 2, 2022, Judge Johnson ordered plaintiff "to **SHOW CAUSE** within seven days . . . why the court should not dismiss the action for want of prosecution. . . ."[8]

Defendants filed an answer on May 9, 2022.

The case was reassigned to the undersigned on June 27, 2022, because the parties did not unanimously consent to the dispositive jurisdiction of Magistrate Judge Johnson.[9] This court entered a "Uniform Initial Order Governing All Further Proceedings" on that same date, thereby directing the parties to prepare and submit a report of the parties' planning meeting.[10]

---

[6] Doc. no. 11.
[7] Doc. no. 12.
[8] Doc. no. 13.
[9] Doc. no. 23.
[10] Doc. no. 24.

The parties failed to do so within the timeframe prescribed by the initial order and so, on September 12, 2022, this court ordered the parties to submit their report no later than September 22, 2022.[11]  The parties complied with that order, and the court entered a scheduling order.[12]

According to defendant's initial, May 18, 2023, motion to dismiss for failure to prosecute, counsel for defendant attempted, unsuccessfully, to move forward with discovery:  *see* doc. no. 28.  That motion detailed numerous efforts by defense counsel to contact plaintiff's attorney by electronic mail messages and telephone calls, all to no avail.  During the June 21, 2023 hearing on that motion, plaintiff's attorney denied that he had received voice mail or text messages from defense counsel, but accepted responsibility, to a limited extent, for the posture of the case at the time of the hearing.  When asked by the court why the case should not be dismissed in view of his failure to comply with the Federal Rules of Civil Procedure and the court's orders, plaintiff's attorney stated:

> I have made adjustments and moved things and farmed out cases that weren't moving and were taking up time on my docket to make sure, again, Judge, this case stays as my number one priority and I will again at the end of the day I want to make sure that [plaintiff] gets her day in court.  I will do everything possible to make sure that everything gets taken care of in a timely manner.  Again, these are issues that are

---

[11] Doc. no. 25.
[12] Doc. no. 27.

> not at the end of the day cannot be resolved and I will do everything in my power to make sure that they are resolved and, again, I have moved everything off of this. *This case is my top priority and will continue to be my top priority until it is off of — off of this docket until it's some resolution.*

Doc. no. 38 (Transcript of June 21, 2023 Hearing), at 10-11 (alteration and emphasis supplied).

Nonetheless, defense counsel expressed concern about the prospect of the action moving forward effectively.[13]

Accordingly, this court asked plaintiff's attorney for assurance that his conduct would change going forward. Mr. McCormick stated: "[A]ll I can give is my word as an officer of this Court that this case will be handled."[14] The court then warned Mr. McCormick that, even though the right to practice law was his most valuable asset, he did not "own it"; instead, it was a "privilege" that could be lost by failure to fulfill his professional duties and responsibilities to his client and the court in which her case was pending.[15]

At the conclusion of the hearing, the court declined to rule on defendant's initial motion to dismiss. Instead, the court held a ruling in abeyance.[16] The court

---

[13] Doc. no. 38 (Transcript of June 21, 2023 Hearing), at 13.
[14] *Id.* at 15.
[15] *Id.* at 13-14.
[16] *Id.*

advised Mr. McCormick:

> There will be no further toleration of tardiness, . . . because the motion will remain pending. And any repetitions of the conduct that brought us here today — failure to meet a deadline, failure to discharge your professional duties to your client — will be met with that motion being ruled upon.

*Id*. at 15-16.

Unfortunately, it appears from defendant's renewed motion to dismiss for failure to prosecute that Mr. McCormick failed to heed the court's admonition. Defendant offered the following support for the motion:

- Plaintiff's attorney agreed to answer, no later than July 22, 2023, defendant's requests for production and interrogatories dated May 1, 2023;[17] but, as of August 15, 2023, the date of defendant's motion and nearly two months after the hearing, plaintiff and her attorney had failed or refused to do so.[18]

- Plaintiff's attorney failed to provide any of the documents requested in the defendant's notice of deposition when plaintiff appeared for deposition on July 11, 2023.[19]

---

[17] Doc. no. 37 (Defendant's Motion to Renew Its Pending Motion for Failure to Prosecute), ¶ 5.

[18] *Id*. ¶ 7.

[19] *Id*. ¶¶ 8-10.

6

- Plaintiff testified that she had never seen the notice of deposition, the requests for production, or the interrogatories propounded by defendant. She further testified that she has never attempted to gather or preserve potentially responsive documents or other evidence in her possession.[20]

- Plaintiff testified that she had "discreetly" created an audio recording of an internal office meeting referenced in her complaint, and that she had provided a copy to her attorney. Nevertheless, her attorney neither disclosed the existence of the recording to defense counsel, nor produced a copy. Further, as of the date on which defendant filed its renewed motion to dismiss, plaintiff's attorney still had failed to produce a copy of the audio recording, or any other evidence.[21]

- Defendant's counsel sent to plaintiff's attorney a letter demanding that, "[n]o later than this Friday, August 11th, please reply to (1) confirm that [the audio recording and other documents referred to by plaintiff during deposition, as well as your tardy discovery responses] will be produced, and (2) provide a timeline for when said production will be made."[22]

---

[20] *Id.* ¶ 11.

[21] *Id.* ¶¶ 12-14.

[22] *Id.* ¶¶ 15-16 (quoting doc. no. 37-2 (August 7, 2023 letter from Harold D. Mooty, III, to Travis McCormick, transmitted via e-mail) (alteration supplied)).

- Plaintiff's attorney did not respond to the demand letter, and has not communicated with defense counsel since plaintiff's July 11, 2023 deposition.[23]

The court finds the course of this litigation and plaintiff's attorney's conduct deeply troubling. The inability or unwillingness of plaintiff's attorney to fulfill his professional obligations to his client and this court is shocking. Involuntary dismissal of this action has been amply justified. Even so, the court must consider the prejudice to plaintiff of the dismissal of her action, balanced against the prejudice to defendant in further prolonging the resolution of this litigation.[24]

If the court dismisses the action, plaintiff would have only days remaining in which to re-file before the expiration of the statute of limitations. Specifically, the Equal Employment Opportunity Commission issued to plaintiff a "Dismissal and Notice of Rights" on May 19, 2021.[25] The notice advised plaintiff that she had the right to file a lawsuit based on her charge of discrimination within ninety days of her receipt of the "Dismissal and Notice of Rights."[26] There is no indication in the record

---

[23] Doc. no. 37 (Defendant's Motion to Renew Its Pending Motion for Failure to Prosecute), ¶¶ 17-19.

[24] The case has been pending for more than two years.

[25] Doc. no. 1-1.

[26] *Id.*

of the exact date on which plaintiff received that notice.[27]  Whenever, as here, the date on which a plaintiff received a "right-to-sue" letter is unknown, it is presumed pursuant to Federal Rule of Civil Procedure 6(d) that service by regular mail was received three days from the date of mailing. *See Abraham v. Greater Birmingham Humane Society, Inc.*, No. 2:11-CV-04358-SLB, 2014 WL 1043230, at *5 (N.D. Ala. Mar. 17, 2014).  Applying that presumption, plaintiff's limitation was due to expire on Monday, August 23, 2021.[28]  Plaintiff filed this action on August 16, 2021, suspending the limitations period.  Accordingly, dismissal of this action would leave plaintiff no more than seven days within which to re-file, before her claim is forever barred.

Even so, the Supreme Court has held that dismissal of a claim because of counsel's failure to prosecute is not an "unjust penalty." *Link v. Wabash Railway Company*, 370 U.S. 626, 633 (1962).  The Court observed:

---

[27] The complaint states that "[o]n May 19, 2021, the EEOC issued a Dismissal and Notice of Rights and this Complaint has been filed within ninety (90) days of receipt of said Notice of Rights."  Doc. no. 1 (Complaint), ¶ 13.

[28] The expiration of the period for filing a civil action was calculated pursuant to Federal Rule of Civil Procedure 6(a) as follows: (1) the EEOC issued to plaintiff a "Dismissal and Notice of Rights" on Wednesday, May 19, 2021; (2) pursuant to Rule 6(a)(1), the 90-day limitation period began to run on the following day, Thursday, May 20, 2021; (3) pursuant to the same Rule, the 90-day period ended on Wednesday, August 18, 2021; (4) three days were added after the period would otherwise expire, pursuant to Rule 6(d); (5) the limitations period thus expired on August 21, 2021; (6) however, since August 21 was a Saturday, the limitation period continued to run until Monday, August 23, 2021, "the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the act or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Id*. at 633-34 (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)). Notably, during the June 21, 2023 hearing, this court advised plaintiff to seek another attorney as soon as possible, if Mr. McCormick continued to be tardy in moving her case forward.[29] Yet, she did not do so. Accordingly, any prejudice to plaintiff does not tip the balance.

On the other hand, defendant has been prejudiced by protracted litigation, during which little of a productive nature has occurred. The case was filed more than two years ago, which, in itself, is noteworthy. As defendant's counsel pointed out during the hearing, the passage of time leads to fading memories and departing employees, complicating defense against plaintiff's claims. Additionally, defendant has incurred attorney fees for time spent by counsel attempting to place the case on track, rather than focusing upon substantive matters.

For all of these reasons, the court concludes that, in view of the history of this case, plaintiff's attorney's obstructive and dilatory conduct, and plaintiff's attorney's flagrant disregard of the court's orders, dismissal of this action is warranted.

---

[29] Doc. no. 38 (Transcript of June 21, 2023 Hearing), at 16.

Accordingly, defendant's original and renewed motions to dismiss this action for failure to prosecute (doc. nos. 28 & 37) are GRANTED, and it is CONSIDERED, ORDERED, ADJUDGED, and DECREED pursuant to Federal Rule of Civil Procedure 41(b) and this court's inherent power to achieve the orderly and expeditious disposition of cases on its docket that this action be, and it hereby is, DISMISSED without prejudice. Costs are taxed to plaintiff. The Clerk is directed to close this file.

**DONE** and **ORDERED** this 21st day of August, 2023.

_____
Senior United States District Judge